FILED

2014 JUN 24  PM 4:24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>DAVID ELAM,<br><br>　　　　　Defendant. | CR No. 14CR 14 00368<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2261A(2)(A) and 2261(b)(5): Stalking; 18 U.S.C. §§ 1030(a)(2)(C), (b), (c)(2)(B)(ii): Unauthorized Access to a Protected Computer to Obtain Information in Furtherance of a Criminal Act; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1519: Destruction of Records in a Federal Investigation; 18 U.S.C. § 2(b): Causing an Act to Be Done] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2261A(2)(A) and 2261(b)(5)]

　　1.　Between on or about May 8, 2013, and on or about July 19, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID ELAM ("ELAM"), while outside of the State of California and with the intent to harass and to cause substantial emotional distress to a person, identified

herein as "N.A.," in another state, namely, California, used facilities of interstate commerce, including cellular telephone networks, electronic mail ("e-mail"), interstate wires, and the Internet, to engage in a course of conduct, described in paragraph 2 below, that caused substantial emotional distress to N.A.

DESCRIPTION OF COURSE OF CONDUCT

2. Defendant ELAM's course of conduct included, among other things, the following

　　a. On or about May 8, 2013, defendant ELAM sent N.A. the following text message: "Please don't do this.  Please don't mess with my stuff.  I'm sure you have better things to do.  Both of us would rather me feel sorry for you than pissed at you."

　　b. On or about May 8, 2013, defendant ELAM sent N.A. the following text message: "Plus if my email/iTunes/Facebook is compromised that would allow people to see vids, pics, messages neither of us want people to see . . ."

　　c. On or about May 8, 2013, defendant ELAM said the following to N.A. over the telephone: "Fuck you. . . I mean like, fuck this whatever. . . you're done you're ruined cause I will see to it after this. . . fuckin. . . I'll put it this way, fuckin. . . it would take an act of fuckin God for you to pass the bar.  It would take an act of God for you to make it through law school without killing yourself after what I do to you."

　　d. On or about May 8, 2013, defendant ELAM used the Internet to change and attempt to change the login and password to N.A.'s Facebook account.

　　e. On or about May 9, 2013, defendant ELAM used the Internet to create an OkCupid account in a name close to N.A.'s name.

The OkCupid account contained, among other things, the following items:

    i. suggestive photographs of N.A.;

    ii. photographs of a used sexual toy;

    iii. demeaning statements, purportedly made by N.A., such as --

        (a) "Question - Regardless of future plans, what's more interesting to you right now? Answer - sex."

        (b) "Question - How willing are you to meet someone from OkCupid in person? Answer - Totally willing!"

        (c) "Question - Would you consider sleeping with someone on the first date? Answer - yes."

        (d) "Question - Rate your self-confidence: Answer - Below average."

    iv. statements to OkCupid users, purportedly made by N.A., including divulging her true personal cell phone number and encouraging the users to visit N.A. for sexual purposes, such as --

        (a) "I'll be honest with you. I've been studying for the past 72 hours straight. I'm sexually frustrated and tired. Lets cut the bullshit and chivalry act. I just need a good clean hookup."

        (b) "I can hang out tomorrow after my final. In the mean time text me a pic/appetizer for tomorrow. Ill be your dessert."

        (c) "You should just come over. I could use a study break. Hopefully you'll break me off. Can I get a taste of what I'll be tasting tonight? Pic please."

1          f.   On or about May 10, 2013, defendant ELAM used the
2   Internet to create an account on the pornographic website
3   xhamster.com in a name close to N.A.'s name.  Defendant ELAM uploaded
4   to the xhamster.com account at least one sexually explicit video of
5   N.A. entitled "N.A. plays with her haggard snatch."
6          g.   On or about May 10, 2013, defendant ELAM used the
7   Internet website www.addthis.com to send e-mails in other
8   individuals' names to N.A.'s mother and law school classmate, which
9   e-mails contained a link to a pornographic website where a sexually
10  explicit video of N.A. had been posted.
11         h.   On or about May 12, 2013, defendant ELAM used the
12  Internet to upload to the pornographic website hardsextube.com at
13  least one sexually explicit video of N.A. entitled "N.A. rubs haggard
14  snatch."
15         i.   On or about June 10, 2013, defendant ELAM used the
16  Internet to file a complaint with the Santa Monica Police Department
17  asserting that N.A. was distributing prescription medication and
18  marijuana from her residence and at N.A.'s law school campus.
19         j.   On or about June 25, 2013, defendant ELAM used the
20  Internet to upload to the pornographic website www.ugotposted.com
21  nude photographs and a sexually explicit video of N.A., and links to
22  N.A.'s true e-mail, Facebook, Instagram, and LinkedIn accounts.
23         k.   On or about July 19, 2013, defendant ELAM used the
24  Internet to upload to the pornographic website motherless.com a
25  sexually explicit video of N.A.
26
27
28

## COUNT TWO

[18 U.S.C. §§ 1030(a)(2)(C), (b), (c)(2)(B)(ii)]

3. The Grand Jury hereby repeats and realleges paragraph 2 of this Indictment.

4. On or about May 8, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID ELAM ("ELAM") intentionally accessed a computer without authorization and exceeded authorized access to a computer, and attempted to intentionally access a computer without authorization and exceed authorized access to a computer, and thereby obtained electronically, in furtherance of a criminal act, namely, the stalking of victim N.A., in violation of 18 U.S.C. §§ 2261A(2)(A) and 2261(b)(5), as alleged in Count One above, information from a protected computer, as that term is defined in 18 U.S.C. § 1030(e)(2), namely, information on a computer related to a Facebook account in the name of victim N.A.

## COUNT THREE

[18 U.S.C. § 1028A(a)(1)]

5. The Grand Jury hereby repeats and realleges paragraphs 2 and 4 of this Indictment.

6. On or about May 8, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID ELAM ("ELAM") knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, the username and security answer of N.A., during and in relation to Unauthorized Access to a Protected Computer to Obtain Information in Furtherance of a Criminal Act, a felony violation of Title 18, United States Code, Sections 1030(a)(2)(C), (b), and (c)(2)(B)(ii), as charged in Count Two above.

COUNT FOUR

[18 U.S.C. §§ 1519, (2)(b)]

7. The Grand Jury hereby repeats and realleges paragraph 2 of this Indictment.

8. Between on or about September 17, 2013, and September 24, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVID ELAM ("ELAM") knowingly altered, destroyed, concealed, and covered up, and willfully caused to be altered, destroyed, concealed, and covered up, documents, records, and tangible objects, specifically, the contents of an iPhone IMEI #013425003421868. In so doing, defendant ELAM acted with the intent to impede, obstruct, and influence, and in relation to and in contemplation of, the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, namely, an

//
//

investigation into the stalking of N.A. by defendant ELAM led by the Federal Bureau of Investigation's Los Angeles Field Office.

A TRUE BILL

/S/
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

*[signature]*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

WESLEY L. HSU
Assistant United States Attorney
Chief, Cyber & Intellectual Property Crimes Section

TRACY WILKISON
Assistant United States Attorney
Deputy Chief,
Cyber & Intellectual Property Crimes Section

RYAN WHITE
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section